13164

STATE v. HUGHES

(158 S. E., 833)

January, 1930.

*Messrs. Padgett & Padgett,* for appellant,

*Mr. Randolph Murdaugh, Solicitor,* for the State,

June 8, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

At the January, 1930, term of the Court of General Sessions for Colleton County, the defendant, Nathan M. Hughes, was tried for the murder of A. J. McQuistion, and was convicted of manslaughter. He now appeals to this Court.

Error is assigned to the trial Judge in admitting in evidence a warrant sworn to by deceased, charging defendant with violation of the prohibition law. The warrant was introduced to show motive in the killing, and was clearly admissible for that purpose. *State v. Pittman,* 137 S. C., 75, 134 S. E., 514.

Appellant also complains that the Court erred in allowing the state's witness, Hugh F. Beach, to testify as to the issuance of a search warrant, sworn out by the deceased, for appellant's premises, and as to what took place at the time of the search, defendant being absent. This testimony was also offered for the purpose of showing motive. The objection made at the trial was general, not showing the specific grounds on which it was based, and an exception based on it cannot, therefore, be considered by this Court.

Lawton Lott, a witness for the defendant, testified that McQuistion's reputation was bad. On cross-examination, for the purpose of showing bias, the Solicitor brought out the fact that there had been some trouble between the deceased and the witness, the latter having several times shut up the former's hogs. Defendant's counsel attempted "to go into more detail about that," but the trial Judge refused to allow him to do so, saying: "That is not the issue here. * * * The issue here is whether he murdered this man." While it might have been better to allow defendant's counsel, under the circumstances, to go more fully into the details of the trouble about the hogs, still we do not think there was any prejudicial error, as there was ample undisputed testimony, other than that of the witness Lott, that McQuistion's reputation was bad.

Finally, the appellant contends that certain remarks made to the jury by the trial Judge, following his general charge, constituted error, in that they invaded the province of the jury and were coercive. We do not deem it necessary to discuss these remarks at length; it is sufficient to say that we have examined them with great care and cannot agree with the construction placed upon them by appellant's counsel.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, CARTER, and BONHAM concur.